UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

VSEVOLOD GARANAN,                  :

   Plaintiff,                              :          CIVIL ACTION NO. 3:14-CV-2129

   v.                                         :          (MANNION, D.J.)
                                                        (CARLSON, M.J.)

CITY OF SCRANTON, *et al.*,        :

   Defendants.                         :

## MEMORANDUM

Pending before the court a report from Judge Martin Carlson, (Doc. 15), which recommends that the defendants' motion to dismiss be granted and the plaintiff's amended complaint be dismissed without prejudice. Judge Carlson also recommends that plaintiff be given leave to file a second amended complaint.

By way of relevant background, the plaintiff commenced this action on November 6, 2014, by filing a complaint pursuant to 28 U.S.C. §1651 seeking a writ of mandamus to command the defendant City of Scranton to issue him a permit on behalf of two companies, namely, Aurie Investment Holdings 2 LLC and Historic Property Holdings 2 LLC. (Doc. 1). The plaintiff filed an amended complaint on December 29, 2014, (Doc. 10), under 42 U.S.C. §1983 claiming that the defendant City and its Director of its Department of

Licensing, Inspections and Permits, defendant Patrick Hinton, violated his due process rights under the Fourteenth Amendment of the United States Constitution by selectively targeting his companies for enforcement and by failing to issue his two stated companies necessary permits resulting in a loss of rental income. The plaintiff requests compensatory damages as well as injunctive relief requiring defendant Hinton to adhere to the proper permitting procedures.

By report dated January 16, 2015, Judge Carlson recommends that the plaintiff's amended §1983 civil rights complaint be dismissed without prejudice as the plaintiff has failed to allege sufficient facts from which it can reasonably be inferred that the defendants violated his due process rights.  (Doc. 15). Judge Carlson correctly applies the pleading requirements under Fed.R.Civ.P. 8 as well as the motion to dismiss standards under Fed.R. Civ.P. 12(b)(6). See Bell Atlantic Corp. v. Twombly,550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court adopts Judge Carlson's analysis and conclusions. As Judge Carlson succinctly points out, plaintiff's "amended complaint remains cryptic and fails to provide either a clear statement of claims or a recital of well-pleaded facts in support of those claims." (Doc. 15, at 10).

In order to impose civil liability upon any person under §1983, the

plaintiff must demonstrate that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Harvey v. Plains Twp. Police Dept., 635 F.3d 606, 609 (3d. Cir. 2011) (quoting Abbott v. Latshaw, 164 F.3d 141, 146 (3d. Cir. 1998)). The plaintiff in this case fails to sufficiently allege how defendant Hinton's conduct violated his constitutional rights. Additionally, since plaintiff names the City of Scranton as one of his defendants, he must properly state a claim of municipal liability under *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The defendant City of Scranton is a municipal agency and the standards annunciated in *Monell* apply to it. *See Malles v. Lehigh County*, 639 F.Supp.2d 566 (E.D. Pa. 2009). The defendant City cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior.* Brickell v. Clinton County Prison Bd., 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009). In order for plaintiff to successfully allege a constitutional claim under §1983 against Defendant City, he must raise a *Monell* claim alleging that the City is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of the City led to the violation of his constitutional rights. *See Monell v. New York Dept. of Social Servs.*, *supra*; Kokinda v. Breiner, 557 F. Supp. 2d

3

581, 587 (M.D. Pa. 2008). Thus, defendant City "[is] subject to liability [in a §1983 action] to the extent [it] maintain[ed] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id.* (citation omitted).

Finally, the court agrees with Judge Carlson that there may be a basis to believe that the plaintiff will be able to cure the defects in his amended complaint if granted leave to amend. *See Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.2008) ("If a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile.") (citation omitted). No objections have been filed by any party to Judge Carlson's report.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 (b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d. Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed each of the recommended bases provided by Judge Carlson for granting the motion to dismiss of defendants, for dismissing the amended complaint for failure to state a claim, and for affording the plaintiff leave to amend. Because the court agrees with the sound reasoning that led Judged Carlson to the conclusions in his report and finds no clear error on the face of the record, the court will adopt the report in its entirety. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  March 2, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2129-01.wpd