# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VSEVOLOD GARANAN,** | **:** | |
| **Plaintiff,** | **:** | **CIVIL ACTION NO. 3:14-CV-2129** |
| **v.** | **:** | **(MANNION, D.J.)** |
| | | **(CARLSON, M.J.)** |
| **CITY OF SCRANTON, *et al.*,** | **:** | |
| **Defendants.** | **:** | |

## <u>MEMORANDUM</u>

Pending before the court is a report dated April 18, 2018 from Judge Carlson, (Doc. 70), which recommends that the defendants' motion for partial summary judgment, (Doc. 53), with respect to Count III of the plaintiff's fourth amended complaint, which asserts a "class-of-one" equal protection claim under the Fourteenth Amendment, be denied "without prejudice to the submission of a more fulsome motion by the defendants addressing all of the elements of [such a claim]." No objections to Judge Carlson's report have been filed and the time within which they were due has expired. However, in response to the report, defendants filed a supplemental brief in support of their motion for partial summary judgment with exhibits, (Doc. 73), seeking to correct the deficiencies which Judge Carlson found in his report regarding their initial submissions.

When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error

on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 (b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d. Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff commenced this action on November 6, 2014, by filing a complaint pursuant to 28 U.S.C. §1651 seeking a writ of mandamus to command the defendant City of Scranton to issue him a permit on behalf of two companies, namely, Aurie Investment Holdings 2 LLC and Historic Property Holdings 2 LLC. (Doc. 1). Subsequently, the plaintiff filed his fourth amended complaint under 42 U.S.C. §1983, in part claiming that the defendant City, its Director of its Department of Licensing, Inspections and Permits, defendant Patrick Hinton, and the City's Housing Inspector, Patricia Jennings-Fowler, violated his equal protection rights under the Fourteenth Amendment of the United States Constitution by singling him and his real estate development companies out for arbitrary, disparate and discriminatory treatment, including by imposing requirements on him that are not imposed upon similarly situated developers.

A plaintiff raising an equal protection claim under the "class of one"

theory must show that (1) he "has been intentionally treated differently from others similarly situated" and (2) "there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000). Generally, a plaintiff asserting a "class of one" claim must show that the alleged differential treatment was "irrational and wholly arbitrary." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 286 (3d Cir. 2004). Such a claim will not prevail "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637 (1993).

The court has reviewed each of the recommended bases provided by Judge Carlson for denying defendants' motion for partial summary judgment without prejudice. The court agrees with the sound reasoning that led Judge Carlson to the conclusions in his report and finds no clear error on the face of the record. Thus, the court will adopt the report and will recommit this case to Judge Carlson to consider the supplemental brief defendants submitted and to address whether it satisfies the above stated elements which were not developed in defendants' prior briefs. Judge Carlson will also be able to set up a briefing schedule for the plaintiff to respond to defendants' new brief and to submit any additional evidence he may have. After the supplemental briefing is complete, Judge Carlson will then be able to issue a recommendation regarding defendants' renewed motion for partial summary

judgment. An appropriate order shall follow.[1]

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 14, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2129-02.wpd

---

[1]After the deadline for briefs regarding plaintiff's objections, the court will address in a separate order Judge Carlson's other pending report, (Doc. 71), in which he recommends that defendants' motion for a temporary stay of this case pending disposition of plaintiff's criminal charges, (Doc. 62), be granted without prejudice to either party seeking reconsideration if there are changes in circumstances or for good cause.